IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL GONZALEZ,<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | § | MO:25-CV-00267-DC-RCG |
| DALTON LEE SCRUGGS,<br>*Defendant*. | §<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Victor Manuel Gonzalez's Motion to Remand. (Doc. 3). This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **DENIED**. (Doc. 3).

### I. BACKGROUND

This case arises from injuries sustained during a car accident. (Doc. 1-2 at 2). On March 24, 2025, Plaintiff Victor Manuel Gonzalez ("Plaintiff") sued Defendant Dalton Lee Scruggs ("Defendant") in the 142nd District Court of Midland County, Texas. *Id*. at 1. Plaintiff brings a single claim of negligence against Defendant. *Id*. On June 6, 2025, Defendant removed this action from state court on the basis of diversity jurisdiction. (Doc. 1). It is undisputed that Plaintiff is a citizen of Texas, Defendant is a citizen of Louisiana, and the amount in controversy exceeds $75,000. *Id*. at 1. On June 10, 2025, Plaintiff filed the instant Motion to Remand arguing Defendant waived his right to remove. (Doc. 3). The Motion has been fully briefed. (Docs. 5, 6). Consequently, this matter is ripe for disposition.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994)). A federal court therefore "cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 83 F.3d 244, 248 (5th Cir. 1996). As a result, a defendant may only remove a case if the district court has original jurisdiction through either diversity of citizenship or existence of a federal question. *WMS, LLC v. Allied Prop. & Cas. Ins.*, 244 F. Supp. 3d 567, 570 (W.D. Tex. 2017). If removed, however, a party may move to remand. *Hill Country Villas Townhome Owners' Assoc., Inc. v. Everest Indem. Ins.*, No. 19-CV-0936, 2020 WL 373375, at *2 (W.D. Tex. Jan. 23, 2020) (citing 28 U.S.C. § 1447(c)). On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "On a motion to remand, the removing party bears the burden of establishing that one of the bases of [federal] jurisdiction exists, and that the removal was not procedurally defective." *WMS*, 244 F. Supp. 3d at 570. To establish federal jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be completely diverse. 28 U.S.C. § 1332(a).

A party may move to remand a previously removed case under 28 U.S.C. § 1447(c) based on a procedural defect. "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Medina v. Allstate Vehicle & Prop. Ins.*, 458 F. Supp. 3d 591, 593 (W.D. Tex. 2020) (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)). "Any ambiguities are construed against removal and in favor of remand to state court." *Id*.

(quoting *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013)). "The removing party has the burden to show 'that federal jurisdiction exists and that removal was proper.'" *Id*. (quoting *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014)).

### III.    DISCUSSION

In his Motion to Remand, Plaintiff argues Defendant waived his right to remove this case because Defendant actively litigated in state court. (Doc. 3 at 2). Plaintiff explains that because Defendant filed an Answer and asserted multiple affirmative defenses in state court, Defendant invoked the state court's jurisdiction, making subsequent removal improper. *Id*. Alternatively, Plaintiff asserts equitable principles support remand. *Id*. In contrast, Defendant argues his deadline to file an Answer in state court was prior to his deadline to file for removal, so even though he removed after filing his Answer, both were done so timely. (Doc. 5 at 1). Further, Defendant asserts there is no precedent that has established filing a timely state court answer with affirmative defenses waives a party's right to removal. *Id*. at 4. The Court agrees with Defendant.

Here, the suit was filed on March 24, 2025. (Doc. 1-2 at 1). Defendant was served on May 8, 2025. (Doc. 1-4 at 1). Accordingly, Defendant's Answer was due on June 2, 2025, and he filed his Answer with affirmative defenses on May 30, 2025. (Doc. 1-5 at 1). Under 28 U.S.C. § 1446(b), Defendant had 30 days after service of summons to remove the action. Defendant's deadline to remove was June 8, 2025; Defendant timely removed on June 6, 2025. (Doc. 1). Plaintiff seemingly does not dispute these facts or argue there was a procedural defect in Defendant's removal. Instead, Plaintiff relies on a single Fifth Circuit case—*Johnson v. Heublein Inc.*, 227 F.3d 236, 244–45 (5th Cir. 2000)—for the proposition that "[w]here a defendant takes substantial action in state court, such as invoking its jurisdiction by asserting

3

affirmative defenses or requesting substantive relief, courts have found waiver of the right to remove." (Doc. 3 at 2).

However, the *Johnson* case is not at all akin to facts here. In *Johnson*, the case was diverse from the start but was litigated in state court for almost two years. 227 F.3d at 239. Following a late stage amended complaint, the defendants removed the case under the revival exception of § 1446(b). *Id*. at 241 ("The revival exception provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit."). While affirming the district court's decision that the defendants properly removed the case based on the amended complaint, the Fifth Circuit also addressed the plaintiffs' argument that the defendants had waived their right to remove. *Id*. at 243. In doing so, the Circuit explained, "The Co-defendants waived their right to remove the case under the original complaint by (1) failing to file a notice of removal within thirty days of service of the initial complaint, and (2) filing both motions to dismiss and a motion for summary judgment in the state court proceeding prior to the filing of the amended complaint by the Co-plaintiffs, thus invoking the jurisdiction of the state court in resolving the issues presented by the original complaint." *Id*. at 244.

Even relying on the principle that defendants can waive their right to remove, the facts necessary to do so are not present in this case. Here, Defendant filed a notice of removal within thirty days, and Defendant did not file any dispositive motions in state court. Instead, Defendant simply filed an Answer, which contained affirmative defenses. This does not constitute invoking state court jurisdiction and waiving a right to removal. "To lose the right of removal, a defendant instead 'must take some action that amounts to seeking an adjudication on the merits.'" *Brazos Presbyterian Homes Inc. v. Thomas Hancock Witte & Assocs.*, 692 F. Supp. 3d 704, 711

(S.D. Tex. Sept. 27, 2022) (quoting *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003), *superseded by statute on other grounds as recognized by*, *Hoyt v Lane Constr. Corp.*, 927 F.3d 287, 293–94 (5th Cir. 2019)). "[T]he mere filing of motions and engaging in preliminary state court proceedings is not sufficient to constitute waiver." *Regan v. Hayes*, No. A-06-CA-573, 2006 WL 8433849, at *2 (W.D. Tex. Sept. 14, 2006) (collecting cases). Defendants may take actions "for the purpose of preserving the status quo" without waiving removal rights. *Jacko v Thorn Ams., Inc*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000). "However, engaging in substantive motion practice and active litigation will act as a waiver of the right to remove." *Id*. As Defendant only filed an Answer with affirmative defenses in state court, he did not waive his right to remove. *See John H. Carney & Assocs. v. State Farm Lloyds*, 376 F. Supp. 2d 697, 703 (N.D. Tex. 2005) (holding that defendant who filed one document containing an answer, special exceptions, verified and specific denials, and affirmative defenses, plus request for fees and costs, did not waive right to remove).

As an alternative theory, Plaintiff argues that equitable principles favor remand, explaining all parties and witnesses are in or near Texas and this Court has no special interest in adjudicating a state tort claim. (Doc. 3 at 2). In support of his argument, Plaintiff cites to *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986). Again, this case is not informative. In *Brown*, the defendants were arguing, on equitable grounds, that if the first-served defendant abstained from seeking removal or does not do so timely, subsequently-served defendants should not be prohibited from removing due to the rule of unanimity among all defendants. *Id*. at 481. Even setting aside the fact that this is not at all relevant to the case at bar, in *Brown*, the Circuit declined to apply a more "equitable approach." *Id*. at 482. This Court should do the same.

Accordingly, the Court finds Defendant did not waive his right to removal and any equitable principles do not favor remand.

## IV. RECOMMENDATION

In accordance with the discussion above, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **DENIED**. (Doc. 3).

SIGNED this 30th day of September, 2025.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).